UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAY R. VERNON, | ) | CASE NO.: 1:05CV2568 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| DANIEL A. DUNLAP, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

In the above action, Defendants filed a motion to dismiss and/or in the alternative a motion for summary judgment. This Court referred the matter to the Magistrate Judge for a Report and Recommendation on the motion. The Report recommended that this Court grant Defendants' motion based on the conclusion that Plaintiff had failed to state a claim upon which relief could be granted as required by Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed an objection to the Report. The only issue raised in the objection was that the Magistrate Judge wrongfully addressed Plaintiff's contract claim under the state constitution rather than as a claim raised under the Constitution of the United States. Defendants filed a response to the objection, requesting that the Court adopt the remainder of the Report as being unopposed. Defendants also addressed the merits of Plaintiff's claim under the federal constitution and again request that this Court dismiss that claim for failing to state a claim for which relief can be granted or in the alternative, grant summary judgment in their favor.

Although Plaintiff failed to attach to any pleading a copy of the plea agreement that he bases his constitutional claim upon, Defendants provided a copy as an attachment

to their response in opposition. Although the document was not part of the pleadings, because the plea agreement is public record and merely "fill[s] in the contours and details" of the complaint, and adds nothing new, this Court may consider it on a Rule 12(b)(6) motion without converting the motion to one for summary judgment. *Yeary v. Goodwill Indus.-Knoxville, Inc.,* 107 F.3d 443, 445 (6th Cir. 1997), *see also Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir. 1999) (finding that if a document is referred to in the complaint and is central to the claim but is not attached, it can be considered by the court on a motion to dismiss when attached to the motion), *overruled on other grounds by Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002).

A Rule 12(b)(6) motion tests the sufficiency of the complaint. *cf. Sims v. Mercy Hosp. of Monroe,* 451 F.2d 171, 173 (6th Cir. 1971) (per curiam) ("A motion under Rule 12(b)(6) is directed solely to the complaint itself . . ."). This Court "must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of [his] claims that would entitle [him] to relief." *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1239-40 (6th Cir. 1993)). If an allegation is capable of more than one inference, this Court must construe it in Plaintiff's favor. *Id*. The motion cannot be granted merely because the Court may not believe Plaintiff's factual allegations. *Id*.

As Plaintiff is acting *pro se*, his pleading is to be liberally construed. *Boswell v. Mayer,* 169 F.3d 384, 387 (6th Cir. 1999). Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id*. To survive a Rule 12(b)(6) motion to dismiss, the Plaintiff's complaint must allege either "direct or

inferential" allegations regarding all of the material elements necessary to sustain recovery under "some" viable legal theory.  *Id.*  Dismissal is proper when relief cannot be granted under any set of facts proved consistent with the allegations.  *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003) (quoting *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)).

In the Second Amended Complaint, Plaintiff alleges that by adding the sexual predator enhancement (and imposing its registration requirements upon him) the State of Ohio is imposing new obligations on him that were neither discussed in the plea agreement nor addressed by the sentencing court in November of 1995.  Plaintiff further points out that the statute was not in existence at the time he entered his guilty plea.  Plaintiff claims that ". . . the prohibition against states passing laws that impair pre-existing contractual obligations . . . [is] offended by the retroactive application of O.R.C. 2950.09."

Although the Complaint may appear to bring a novel issue before this Court, a review of the plea agreement provides but one conclusion - that Plaintiff can prove no set of facts in support of this claim that would entitle him to relief.  The plea agreement merely states that Plaintiff understands his constitutional rights and waives or rejects those rights, that he is changing his plea from not guilty to  guilty, and that no promises were made to secure his guilty plea.  There is no discussion of what punishment would be imposed or what future sanctions or requirements would ensue.  Therefore, Plaintiff cannot demonstrate, under any set of facts, that the sexual offender statutes impair his contractual relationship in any way.  As such, the Court finds Defendants' Motion well-taken and grants same as to this issue.

Additionally, because Plaintiff did not object to the other findings made by the Magistrate Judge in the Report, the Court ADOPTS those findings as unopposed. Defendants' motion to dismiss pursuant to Rule 12(b)(6) is GRANTED and the above entitled action is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealibility.

So ordered.

Date: December 27, 2006         *s/Judge John R. Adams*
                                JUDGE JOHN R. ADAMS
                                UNITED STATES DISTRICT COURT